## TECHNOLOGY FOR COMMUNICATIONS INTERNATIONAL

v.

### The UNITED STATES

and

### Andrew–Thomson Broadcasting, Inc., Intervenor.

#### No. 694–89C.

United States Claims Court.

April 2, 1991.

Howard Lipper, Washington, D.C., attorney of record, for plaintiff. Dale W. Church, Paul F. McQuade, Julia Soyars–Berman and Pillsbury, Madison & Sutro, of counsel.

Steven J. Gillingham, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

Stephen B. Clarkson, Washington, D.C., attorney of record, for intervenor. Richard F. Silber and Gardner, Carton & Douglas, of counsel.

### ORDER

MEROW, Judge.

This pre-award contract claim matter now comes before the court on the plaintiff's request that the orders of March 23 and December 28, 1990 in this case be published, and the opposition to this motion by the intervenor.

#### Background

The procurement at issue in this litigation was for the design, fabrication, shipment and installation of high-power shortwave antennas and other equipment as a part of the Voice of America's worldwide modernization program. A two-step sealed bid process was utilized, with step one consisting of the Request for Technical Proposals and step two comprising the Invitation for Bids. Both Technology for Communications International (TCI) and Andrew–Thomson Broadcasting, Inc. (ATBI) submitted acceptable step one technical proposals. Thereafter, step two bids were obtained with the result that plaintiff sub-

---

mitted the low bid by a considerable margin, and ATBI then submitted the next low bid.

A pre-award survey of plaintiff was conducted by the United States Information Agency (USIA). The contracting officer then issued findings and determinations of nonresponsibility based on several factors, but predominantly on plaintiff's asserted lack of financial resources to perform the contract according to its technical proposal at what was estimated to result in a considerable loss at the price bid.

Because plaintiff is a small business, it was necessary for the contracting officer to forward his determination of nonresponsibility to the Small Business Administration (SBA) for a decision as to a Certificate of Competency. 15 U.S.C. § 637(b)(7)(A). The SBA's San Francisco's Regional Office conducted an extensive investigation as to plaintiff's responsibility for this procurement and recommended in favor of a Certificate of Competency. The SBA declined to issue the certificate for several reasons, including an asserted failure by plaintiff to explain how the contract could be performed at the price bid.

Plaintiff initiated this litigation under 28 U.S.C. § 1491(a)(3) to enjoin an award of the contract and obtain review of the responsibility determinations. After discovery was completed, comprehensive motions for summary judgment were filed by plaintiff and the defendant. Upon consideration of these dispositive motions, a 22–page order was filed on March 23, 1990, concluding that the determinations of the contracting officer and the SBA as to plaintiff's nonresponsibility for this procurement lacked a rational basis such that they were declared to be invalid and of no effect. Proceedings in this matter were stayed, and any award of the contract at issue was conditioned upon a fresh responsibility determination being issued by the contracting officer and; if negative, a fresh SBA determination being issued with respect to a Certificate of Competency.

Proceedings up to March 23, 1990 had been subject to the terms of a temporary protective order limiting public access to the filings so as to preserve the integrity of the ongoing procurement process and to safeguard information claimed to be proprietary. Counsel were requested to review the March 23, 1990 order and identify proprietary information, if any. After this review, very limited deletions in the text of the March 23, 1990 order were made in a copy which was, by order filed March 30, 1990, then lodged in the clerk's office as available for public access. Neither the original March 23, 1990 nor the slightly revised March 30, 1990 orders was published.

After the March 23, 1990 order, ATBI, the next low bidder, sought to intervene in these proceedings. By orders issued May 21 and 22, 1990, intervention was, in effect, denied as untimely with respect to past proceedings concerning the order of March 23, 1990, and a decision on intervention as to future events was deferred. By its order dated July 19, 1990, 914 F.2d 270 (No. 90–5102), the United States Court of Appeals for the Federal Circuit affirmed the order of May 21, 1990 denying ATBI's intervention with respect to the pre-March 23, 1990 proceedings.

The contracting officer then proceeded to undertake the task of determining TCI's responsibility with respect to performance of the contract at issue. To this end, a contract was let to obtain the services of an outside consultant, O'Brien–Kreitzberg & Associates, Inc. (OKA). After obtaining OKA's evaluation and other responses from TCI and the USIA professional staff, the contracting officer concluded that TCI could withstand any loss incurred in the project. TCI was determined to be a responsible bidder for the purposes of performing the contract at issue.

Notice was provided to ATBI that an award to TCI was contemplated and ATBI, having then been permitted to intervene, on July 30, 1990 filed its pre-award contract claim complaint. ATBI's motion for a temporary restraining order was denied orally on July 30, 1990 after a hearing, and by written order on July 31, 1990. By order dated August 3, 1990 (No. 90–5139), the Federal Circuit denied ATBI's motion for

an injunction pending appeal. The contract was awarded to TCI on August 3, 1990.

Following discovery proceedings undertaken by ATBI, TCI filed a dispositive motion seeking dismissal of ATBI's complaint. In turn, ATBI cross-moved for summary judgment and opposed TCI's motion. Defendant also moved for summary judgment. Upon consideration of these dispositive motions, an 8-page order was filed on December 28, 1990, concluding that the contracting officer's fresh responsibility determination had a rational basis and dismissing ATBI's complaint. This December 28, 1990 order was not published, but was available for public access in the clerk's office.

### Discussion

By the motion filed March 15, 1991, TCI seeks publication of the orders of March 23 and December 28, 1990, asserting that they addressed important issues that contribute to the body of law concerning the reviewability of contracting officers' decisions.

ATBI objects to publication, asserting that the orders do not add significantly to the body of law which already exists with respect to bid protests and responsibility determinations. ATBI also asserts TCI's request for publication to be inconsistent with its position in favor of a protective order to safeguard proprietary information. However, it is assumed that TCI's request contemplates publication of the slightly revised version of the March 23, 1990 order, the March 30, 1990 order which deleted proprietary information.

The orders at issue were not initially published because it was considered that, while the factual context was complex, the legal principles involved were not. The "rational basis" review standard for pre-award contract claim procurement determinations was well established. *Keco Industries, Inc. v. United States*, 203 Ct.Cl. 566, 576, 492 F.2d 1200, 1205 (1974). Setting aside a responsibility determination was not a novel procedure. *See Ulstein Maritime, Ltd. v. United States*, 833 F.2d 1052 (1st Cir.1987) (opinion by Davis, J., of the Federal Circuit sitting by designation). While appellate involvement following denial of a temporary restraining order, as opposed to denial of an injunction, is unusual, *OPM v. Government Employees*, 473 U.S. 1301, 1305, 105 S.Ct. 3467, 3469, 87 L.Ed.2d 603 (1985), the August 3, 1990 Federal Circuit order was not published and constitutes no reason to publish the Claims Court orders of March 23 and December 28, 1990.

A recent manual published under the auspices of the Federal Judicial Center sets forth the publication recommendations of a distinguished board of editors with respect to the district court decisions, as follows:

> In the district courts, the decision to publish in the West Reporter System is entirely in the judge's discretion. Because decisions of district judges are merely persuasive authority—i.e., they are not binding precedent even in their own districts—publication should be the exception. In addition, time constraints argue against writing formal opinions unless the decision involves a novel or complex issue or a matter of public importance and thus may be useful to attorneys and judges or be of interest to the public.

JUDICIAL WRITING MANUAL, FEDERAL JUDICIAL CENTER (1991), P. 7.

Similarly, the decision of a Claims Court judge is not binding precedent and the criteria for publication of district court opinions are equally applicable. It is concluded that the orders at issue do not set forth novel or complex legal issues and are primarily of relevance to the parties involved. However, as there may be public interest in the resolution of a procurement controversy involving considerable public funds, the proceedings have been digested in this published order. Thus, it is ORDERED that, except to the limited extent that publication of this order serves to satisfy plaintiff's request for publication of the orders of March 23 (March 30) and

December 28, 1990, the request is, otherwise, DENIED.*

---

* As noted, the orders of March 30 and December 28, 1990 are available for public access in the clerk's office.