Joseph Rivera **MATOS**, an infant by, his father and natural guardian, Victor **RIVERA**, Petitioners,

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 90–690V.

United States Court of Federal Claims.

Dec. 22, 1993.

Preston J. Douglas, New York City, for petitioners.

Aristia Karas, with whom was Frank W. Hunger, Asst. Atty. Gen., Washington, DC, for respondent.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on petitioner's motion for relief from judgment pursuant to RCFC 60(b). For the reasons set forth below, petitioner's motion is denied.

### FACTS

In 1976, Victor Rivera, on behalf of his son Joseph Rivera Matos, filed three civil actions in the Supreme Court, Bronx County, New York, against the vaccine administrator, Bronx Lebanon Hospital Center (Bronx Lebanon), and two treating facilities, New York City Health and Hospitals Corporation (NYCHHC) and Misericordia Hospital Medical Center (Misericordia). The complaints against NYCHHC and Misericordia alleged medical malpractice arising from defendants' failure to treat adequately Joseph's DPT-related injuries. Subsequently, all three defendants filed motions for summary judgment to which petitioner did not respond. On December 18, 1989, the Bronx County Supreme Court granted Bronx Lebanon's motion for summary judgment. On October 18, 1990, after the petition in the instant case was filed, the court also granted summary judgment in favor of Misericordia, but denied NYCHHC's motion for summary judgment. Petitioner's claim against NYCHHC was stayed pending a determination of his eligibility for compensation under the Act. In February 1991, petitioner filed an appeal of the state court's summary judgment decision in favor of Misericordia.

On July 23, 1990, Victor Rivera filed a petition for compensation under the National Vaccine Injury Compensation Act (Act), on behalf of his son. Because judgment occurred in petitioner's civil action against Bronx Lebanon after the effective date of the Act, the Special Master held that petitioner was barred from pursuing the instant claim and the petition must be dismissed. *Matos v. Secretary of HHS*, No. 90–690V, 1991 WL 251400 (Cl.Ct.Sp.Mstr. Nov. 8, 1991). Upon review, this court affirmed the Special Master and dismissed the petition for vaccine compensation. *Matos v. Secretary of HHS*, 25 Cl.Ct. 703 (1992). The Claims Court entered judgment on April 8, 1992.

Following dismissal, petitioner filed a motion with the Bronx County Supreme Court requesting that it vacate the court's summary judgment decision in favor of Bronx Lebanon. The court granted petitioner's motion and allowed petitioner to voluntarily dismiss his claim against Bronx Lebanon *nunc pro tunc*, as of December 18, 1989.

On September 8, 1992, petitioner filed a motion for relief from judgment pursuant to RCFC 60(b)(5). In support, petitioner argued that the voluntary dismissal of his claim *nunc pro tunc*, as of December 18, 1989, vacated the judgment on the merits and thus, lifted the previous bar to an award of compensation as set forth in § 11(a)(5)(A) of the Act. Because the civil action judgment which furnished the grounds for the Special Master's dismissal pursuant to § 11(a)(5)(A) was vacated, this court remanded the case to the special master with instructions to determine whether petitioner's claim for compensation under the Act was barred by § 11(a)(5)(B). On remand, the Special Master found that § 11(a)(5)(B) prohibited petitioner from receiving compensation under the Act because his pending claims against NYCHHC and Misericordia involved the same vaccine-related injuries for which compensation was requested. *Matos v. Secretary of HHS*, No. 90–690V, 1993 WL 160033 at *2 (Cl.Ct.Sp.Mstr. Apr. 30, 1993). The court affirmed and adopted the Special Master's decision on May 11, 1993. *Matos v. Secretary of HHS*, Order (Cl.Ct. May 11, 1993). On June 30, 1993, petitioner filed an appeal to the Court of Appeals for the Federal Circuit. On August 10, 1993, petitioner filed this motion for relief from judgment pursuant to RCFC 60(b), asserting that the decision of the Court of Appeals of the Federal Circuit in *Schumacher v. Secretary of HHS*, 2 F.3d 1128 (Fed.Cir.1993), directly effects petitioner's claim. Petitioner's appeal to the Federal Circuit has been stayed pending resolution of this motion for relief from judgment.

## DISCUSSION

 "A motion for relief from judgment [pursuant to Rule 60(b) ] is one for extraordinary relief entrusted to the discretion of the court." *Yachts America, Inc. v. United States*, 8 Cl.Ct. 278, 281, *aff'd*, 779 F.2d 656 (Fed.Cir.1985), *cert. denied sub nom., Wilson v. United States*, 479 U.S. 832, 107 S.Ct. 122, 93 L.Ed.2d 68 (1986), citing *United States v. Atkinson*, 748 F.2d 659, 660 (Fed.Cir.1984). As such, it may be invoked only upon a showing of exceptional circumstances. *Miner v. United States*, 14 Cl.Ct. 770, 774 (1988);

*Kaiser Aluminum & Chemical Corp. v. United States*, 187 Ct.Cl. 443, 451, 409 F.2d 238 (1969) (concurring opinion). Pursuant to RCFC 60(b)(5), relief from judgment may be granted only if "a prior judgment upon which it is based has been reversed or otherwise vacated." The application of Rule 60(b)(5) is limited to a judgment *based* on a prior judgment reversed or otherwise vacated. *Tomlin v. McDaniel*, 865 F.2d 209, 210 (9th Cir. 1989). The term has been interpreted to apply to prior judgments which are related to the case at bar by res judicata, or collateral estoppel, or those which are somehow part of the same proceeding. *Id.* at 211. "The relation between the present judgment and the prior judgment must thus be closer than that of a later case relying on the precedent of an earlier case; the fact that the prior case provides a precedent for the later one is not sufficient." *Id.; see Lubben v. Selective Service System Local Board*, 453 F.2d 645, 650 (1st Cir.1972).

Petitioner asserted that the Federal Circuit's decision in *Schumacher v. Secretary of HHS*, 2 F.3d 1128 (Fed.1993), provided extraordinary circumstances for relief under RCFC 60(b)(5) and warranted reversal of this court's dismissal of petitioner's case. In *Schumacher*, the Federal Circuit addressed the issue of whether petitioners in a Vaccine Act claim were barred from proceeding if at the time their vaccine petition was filed, a civil suit was pending against Merrell Dow, the manufacturer of Bentyl, a drug implicated along with DPT as the cause of the child's death. In its decision, the Federal Circuit affirmed the decisions of the Court of Federal Claims and the Special Master, and held that petitioners were entitled to compensation because their action against Merrell Dow was not a "civil action" for the purposes of section 11(a)(5)(B) of the Act, because Merrell Dow was not a vaccine administrator or manufacturer. *Schumacher*, 2 F.3d at 1136. According to petitioner, the Federal Circuit's affirmance, limiting the definition of "civil action" under § 11(a)(5)(B) of the Act to actions against vaccine administrators or manufacturers, provided a change in decisional law and superseded determinations made by the Special Master and this court in

**226**

the instant case, meriting relief from judgment.

■ After careful analysis, the court finds that petitioner did not establish exceptional circumstances for relief under RCFC 60(b)(5) because petitioner failed to indicate how the Federal Circuit's decision to affirm previous holdings of the Court of Federal Claims qualified as a change in law, entitling him to relief from judgment. Even assuming arguendo that petitioner established exceptional circumstances, in order to receive relief under RCFC 60(b)(5), petitioner must show that this court and the Special Master based their respective decisions, from which petitioner now seeks relief, on a prior judgment that was vacated or reversed. Because *Schumacher* was not part of the proceedings at issue, and because it did not collaterally estop or serve as res judicata in the instant case, petitioners failed to establish that *Schumacher* was a judgment upon which the judgment against petitioner was based, within the meaning of RCFC 60(b)(5). *See Tomlin*, 865 F.2d at 211. In fact, the Special Master did not even rely upon the previous holdings in *Schumacher* to dismiss petitioner's claim. To the contrary, the Special Master specifically distinguished *Schumacher* from petitioner's case. By its plain language, RCFC 60(b)(5) does not apply because *Schumacher* was neither reversed nor vacated by the Federal Circuit; it was affirmed.

■ In the alternative, petitioners moved for relief under RCFC 60(b)(1) and (6). RCFC 60(b) states, in pertinent part: "the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." Petitioner argued that Rule 60(b)(1), or in the alternative, Rule 60(b)(6), the catch-all provision, authorized relief from judgment because the court mistakenly applied the law when it failed to follow *Schumacher*, and because the affirmance of *Schumacher* established entitlement to relief. The court does not find any merit in either argument, on either ground. By its May 11, 1993 Order, the court affirmed and adopted the Special Master's order of May 4, 1993, which, among other matters, determined that *Schumacher* was distinguishable from the instant action. Despite petitioner's arguments to the contrary, the court continues to find that the Special Master was not arbitrary, capricious, otherwise not in accordance with law—or mistaken—when applying the law to petitioner's action. Accordingly, as set out above, the court does not find that the affirmance of *Schumacher* entitles petitioner to relief from judgment.

■ For the sake of completeness and for clarification, the court addresses an argument made by respondent in opposition to petitioner's relief from judgment. Respondent argued that regardless of the court's determination of the relevance of the *Schumacher* decision to petitioner's claim, the court is without jurisdiction to award petitioner compensation under to § 11(a)(5)(A). According to respondent, the court has not yet ruled on the effect of the state court's *nunc pro tunc* order vacating summary judgment in petitioner's state action against the vaccine administrator. This court, however, in its September 16, 1992 Order, found that "[t]he civil action judgment which furnished grounds for Special Master Baird's dismissal pursuant to § 11(a)(5)(A) was vacated," and thus remanded petitioner's claim with instructions to the Special Master to find whether the claim was barred by § 11(a)(5)(B), or otherwise to vacate his November 8, 1991 order dismissing the petition. Thus, *contrary to respondent's assertions*, the court ruled that the *nunc pro tunc* order had the effect of voluntarily dismissing the civil action against the vaccine administrator, thereby establishing the court's jurisdiction to award petitioner compensation under § 11(a)(5)(A). However, pursuant to § 11(a)(5)(B), the court remains without jurisdiction to award petitioner compensation under the Act.

CONCLUSION

For the reasons set forth above, petitioner's motion for relief from judgment pursuant to RCFC 60(b) is denied.

IT IS SO ORDERED.