Regina and Shannon LEMIRE, Parents of Destiny Lemire, Petitioners,

v.

SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 01–647V.

United States Court of Federal Claims.

Filed: March 5, 2004.

Corrected Copy to be Published on March 29, 2004.

D. Michael Noonan, Esq., Shaheen & Gordan, P.A., Dover, New Hampshire, for Petitioners.

Catharine E. Reeves, Senior Trial Counsel, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC, for Respondent.

## ORDER

BASKIR, Judge.

This matter comes before the Court on Respondent's Motion for Review of the special master's September 12, 2003, Order reinstating Petitioners' claim under the National Childhood Vaccine Injury Compensation Act of 1986 (Vaccine Act), 42 U.S.C. §§ 300aa–10, et seq. Pursuant to Vaccine Rule 36(a), the Respondent filed its Motion for Review and Memorandum of Objections, asserting that the special master erred in granting relief from the judgment entered by the Court.

We conclude that the special master's ruling pursuant to Rule 60(b) of the Rules of the U.S. Court of Federal Claims (RCFC) is not a final decision within the meaning of the Vaccine Act and, therefore, this Court lacks jurisdiction to review the Order at this point in the proceeding. We note that by complying with Vaccine Rule 36, the Respondent has preserved its right to a review of the special master's decision at the appropriate time. Accordingly, for the reasons stated below, we dismiss without prejudice the Respondent's Motion for Review.

### BACKGROUND

Petitioners sought compensation under the Vaccine Act alleging their daughter Destiny suffered developmental delays and autism as a result of the administration of vaccines she received since the age of two months. The petition was initially dismissed by the special master for lack of subject matter jurisdiction due to the Petitioners' failure to file their claim within the statute of limitations period. *Lemire v. HHS,* No. 01–647V, 2002 WL 31441209 (Fed.Cl.Spec.Mstr. Sept. 25, 2002). Her ruling was premised on findings that the child first "manifested" symptoms in September 1998, and maybe even as early as April 1998, yet the petition was filed in November 2001, beyond the 36–month statute of limitations. *Id.;* Vaccine Act § 16(a)(2).

The decision was issued on September 25, 2002. The Petitioners, Regina and Shannon Lemire, did not appeal the dismissal of their case. Consequently, on October 30, 2002, after the expiration of the 30–day period for the filing of a motion for review, the Clerk of

the Court entered judgment in favor of the Respondent. Petitioners elected to accept the judgment on November 12. Subsequently, on March 14, 2003, the special master denied fees and costs.

On July 31, 2003, however, the Lemires sought relief pursuant to RCFC 60(b). Their motion was based on the case *Setnes v. U.S.,* 57 Fed.Cl. 175 (2003), decided June 13, 2003, almost nine months *after* the special master's initial dismissal of their claims. In *Setnes,* Judge Futey resolved an allegedly identical statute of limitations issue contrary to the special master's earlier ruling in *Lemire.* Following briefing on this motion, the special master granted the requested relief and reinstated the Lemires' petition. She based the ruling on equitable grounds. The special master clearly acknowledged that the *Setnes* case was not binding. She applied the decision to the present case as a matter of fairness.

The order of reinstatement went into effect September 12, 2003. On October 10, pursuant to the Rules of the Court of Federal Claims (RCFC), Appendix B, Vaccine Rule 36(b), the Government filed a Motion for Review of the special master's reinstatement order.

### ISSUES PRESENTED

The Government's Motion for Review initially proffers three arguments: (1) the special master's decision to vacate judgment on basis of *Setnes* is not an appropriate application of RCFC 60(b); (2) the *Setnes* decision is inconsistent with Vaccine Act; and (3) in any event, the special master misapplied the *Setnes* ruling. The Government also asserted, albeit in a footnote, that the special master exceeded her authority by reinstating the petitioners' claims after the Court had already entered judgment.

Of more immediate concern to the Court, however, is the question of ripeness. Section 12 of the Vaccine Act authorizes review of the special master's "decision," which is defined as a ruling granting or denying compensation. Vaccine Act § 12(d)(3). A ruling on statute of limitations—or more specifically, a ruling that claims are *not* time-barred—

presents the classic case of an interlocutory matter. We must first decide whether the special master's reinstatement of the Petition is a ruling that falls within the Court's statutory mandate to review only final decisions of the special master. *See,* Vaccine Act §§ 12(e)(1); 12(d)(3). Framed another way, does the Court have jurisdiction to act now?

We asked for supplemental briefing on this question as well as the authority issue. We discuss the authority of the special master to grant relief from judgment both in the abstract and as applied here. However, we conclude that our review of the propriety of the special master's reinstatement, of her reliance on *Setnes,* and of her "ruling" on statute of limitations, is necessarily reserved for a later day. We do nonetheless, offer some non-binding and tentative observations on these interesting questions.

## DISCUSSION

### I. Authority

Until recently, the special master had no power to affect a claim brought under the Vaccine Act once judgment was entered by the Court. *See Patton v. Sec'y of DHHS,* 25 F.3d 1021 (Fed.Cir.1994). The special master's actions in this case would have been viewed as a legal nullity. *See, e.g., Garcia v. Sec'y of HHS,* 31 Fed.Cl. 276, 278 (1994). The Court could amend its own judgments under RCFC 60(b), of course. Absent express authority in the RCFC, however, the special masters could not avail themselves of Rule 60(b). *See* Vaccine Rule 1 ("In proceedings before the Office of the special masters, the RCFC apply only to the extent referenced in the Vaccine Rules.") There was no mention of Rule 60(b) in the previous version of the Vaccine Rules.

Recently revised Vaccine Rules add Rule 36, which gives the special master authority to act on a Rule 60(b) motion. The question, therefore, is whether the Court can confer this authority in the Vaccine Rules. The Government initially suggested in a footnote that it cannot. Mot. for Review and Mem. of Objections at 4, n. 2. We invited the Government to expound upon its footnote in supplemental briefs.

A close examination of the new Vaccine Rules leads to contradictory results. A special master *on reconsideration* is still not permitted to withdraw a decision post-judgment, according to Vaccine Rule 10(c)(1). Yet Vaccine Rule 36(a) specifically allows the special master to grant relief from judgment under RCFC 60(b).

The Government has challenged whether Vaccine Rule 36 confers upon the special master authority exceeding that which is granted by the Vaccine Act, itself. The Government contends that this is an unauthorized expansion of the Act's statutory grant of authority and thus beyond the Court's power to effectuate. This argument of the Court's limited statutory authority is, conversely, apparently not a hindrance to the Government's view that the Rules can expand the Court's review authority. *See* discussion of preliminary rulings versus decisions of the special master, *infra.*

While the Government has persisted in challenging this grant of authority, the case can be made that the Rule does indeed comport with the decision of the Court of Appeals in *Patton.* There the Court squarely rejected the argument that the special master "possessed inherent authority to grant Rule 60–type relief to correct her decision." *Patton,* 25 F.3d at 1025, 1027. Yet the Court's dictum proposes such authority could be conferred by either the Rules or the Vaccine Act. *Id.* ("[A]ny authority held by the special masters to correct decisions must flow from the Vaccine Act *or its implementing Vaccine Rules,* and not from an 'inherent' source of power")(emphasis added). We note that Vaccine Rule 36(b) explicitly confers authority to review a special master's Rule 60(b) order upon this Court. This judicial review presumably meets any concern over granting special masters power to affect judgments of the Court. And it is, of course, why the case is before us today. In any event, we are not now called upon to decide whether the Court exceeded its statutory powers in promulgating Vaccine Rule 36.

### II. Relief from Judgment Under Rule 60(b)

Even if the special master was properly extended Rule 60(b) authority, whether she

properly applied this authority is very much in issue. The Court's provision for relief from judgment, RCFC 60(b) (or Rule 60(b)), mirrors Federal Rule of Civil Procedure 60(b). The Rule was originally intended to supply "a simple remedy by motion to set aside a judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 2851 (2d ed.1995). It is not intended to substitute for appeal. *Id; Patton*, 25 F.3d at 1028. As the Rule has evolved courts have exercised varying degrees of discretion in granting relief based on equitable principles. Wright at § 2857. The special master has added to the toll. We believe the Government is probably correct in arguing that this remedy was misused here.

The special master ruled as follows:

Granted that Judge Futey's ruling in *Setnes* is not binding in this case, the undersigned recognizes, as petitioners state, that for them to be dismissed for failure to file within the statute of limitations, while the *Setnes* petitioners are able to proceed, having found a favorable interpretation of the Vaccine Act provisions from Judge Futey, is manifestly unfair and inequitable.

Order of Reinstatement (Sept. 12, 2003) at 2.

She invoked Rule 60(b)(5) and 60(b)(6). The former provision permits relief when "it is no longer equitable that the judgment should have prospective application." The latter provision is a catch-all clause authorizing relief for "any reason justifying relief from the operation of the judgment." As the Respondent noted in its brief, however, relief under this clause is usually predicated upon exceptional or extraordinary circumstances. *Laney v. United States*, 26 Cl.Ct. 318, 321 (1992), citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). In fact, the extraordinary circumstance limitation is intended to apply only in circumstances where another of the grounds enumerated in Rule 60(b) does not exist or

where the one-year time frame for seeking relief under those other provisions has expired. With no discussion of these grounds for relief, or of their application to this particular case, the special master concluded in her two-page Order, "Equity demands that the undersigned grant Petitioners' Petition to Seek Relief Pursuant to Rule 60(b)." The special master is certainly not alone in invoking this widely abused provision of Rule 60. *See generally*, Mary Kay Kane, *Relief from Federal Judgments: A Morass Unrelieved by a Rule*, 30 Hastings L.J. 41 (1978).

Most Circuits agree that Rule 60(b) is to be liberally construed to effect just results. Wright at § 2852. Yet even the most liberal construction of Rule 60(b) does not justify resurrecting a dismissed, *unappealed* case because a conflicting non-binding decision is later issued in a separate action. *See* Kane, at 73 ("A decision not to press the case in a more direct and immediate fashion constitutes a waiver of the right to argue that the principle of finality must defer to that of the truth.") There is no disagreement that the special master believed the dismissal was decided correctly at the time she made her initial ruling. Under those circumstances, reinstatement based solely on *Setnes* threatens the principles of *stare decisis* and finality, not just in this instance but likely for countless other claims adjudicated by the Office of the Special Master.[1]

In *W.L. Gore & Assoc. v. C.R. Bard, Inc.*, 977 F.2d 558, 563 (Fed.Cir.1992) the Court of Appeals for the Federal Circuit found that extending Rule 60(b) relief on the basis of intervening change of law would result in "pernicious instability of final judgments." That case involved the modification of a consent agreement based on subsequent changes in patent law. Technical distinctions notwithstanding, the Federal Circuit's words remain.

The special master also failed to develop the required "exceptional circumstances." *See Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir.1990) (change in case

---

1. After filing this Order but prior to its publication, the Court became aware that the special master has done so in at least one other case. *See Vessels v. Sec'y of DHHS*, Case No. 02–182V

(Fed.Cl.Spec.Mstr. Sept. 12, 2003)(pending Respondent's Motion for Review of Order of Reinstatement).

law does not constitute "exceptional circumstances" justifying relief from judgment pursuant to Rule 60(b)(6)). Petitioners attempt to supply these circumstances now, asserting that the Omnibus Proceedings on issues such as this, involving the onset of autism, suggest a public policy justification outweighing the policy favoring finality of judgments. As an example, Petitioners have pointed us to certain cases involving institutional reform where courts are willing to provide relief from judgments because ongoing consent decrees will conflict with intervening law. *See generally, W.L. Gore,* 977 F.2d at 562 (and cases cited therein). This post-hoc justification had nothing to do with the special master's explicit rationale.

## III. The Special Master's Application of Setnes

Assuming the special master had authority and properly invoked Rule 60(b), there is the next question of whether Judge Futey properly ruled in *Setnes* and, if so, whether the special master properly applied it in this case. Ultimately, the Federal Circuit will answer the first of these remaining questions (*Setnes* was returned to the special master who initially ruled those claims time-barred, and then transferred to the docket of Special Master Hastings, where it is presently stayed pursuant to an omnibus proceeding involving a number of other autism cases.)

As to the second issue, whether *Setnes* commands a different result in *Lemire,* the Government's argument creates substantial doubt. The special master applied *Setnes* by using April 1999 as the triggering date for the statute of limitations. This was the date Destiny's symptoms and manifestations were diagnosed as autism. This date falls well within the 36–month time frame.

Judge Futey, however, made it clear that diagnosis did not trigger the statute of limitations. *See, Setnes,* 57 Fed.Cl. at 181 ("The Court is not holding that a medical or psychological diagnosis or verification of the 'occurrence of the first symptom or manifestation of onset' begins running of the statute of limitations.") (citations omitted). Rather, he drew a distinction between subtle and what we may call clear evidence of an injury or

disease, opting for the latter in autism cases. Using this trigger, the Lemires' statute of limitation would presumably be triggered not with the formal diagnosis in April 1999, but in September 1998, when the symptoms were evident to Mrs. Lemire as well as to medical personnel treating the child. This date also falls outside the 36–month period. *Lemire,* 2002 WL 31441209 at *4. Thus it appears that the special master's ruling is probably vulnerable on this basis, as well.

## IV. Review of Special Master Decisions

Our views on the interesting questions relating to the special master's authority, and the merits of her ruling are, however, admitted dicta. As we indicated earlier, we conclude we have no authority to address this appeal *at this time.*

Our jurisdiction under the Vaccine Act is limited to reviewing decisions of the special master. *Spratling v. Sec'y of DHHS,* 37 Fed.Cl. 202, 203 (1997); Vaccine Act § 12(e)(1). As we describe below, the "decisions" we are entitled to review are final decisions. The effect of the special master's decision is to present us with a non-final order to review.

This question of ripeness has been addressed in similar, but not exact contexts. In a recent decision issued by Judge Williams, the Court held that it does not have jurisdiction to review a "preliminary ruling" of the special master rejecting the testimony of an expert witness and dismissing one of several alternative claims. *Weiss v. Sec'y of DHHS,* 59 Fed.Cl. 624 (2004). This issue has not been raised with respect to reinstatement of previously dismissed claims under Rule 60(b). But the effect is the same as any other interim ruling—the special master's order "holds the record open for additional evidence and refers to possible further proceedings." *Id.* at 627 (quoting *Spratling,* 37 Fed.Cl. at 203.)

The Vaccine Act is clear on what is meant by a "decision" of the special master for purposes of triggering this Court's review:

A special master to whom a petition has been assigned shall issue a decision on such petition with respect to whether com-

pensation is to be provided under the Program and the amount of such compensation. The decision of the special master shall–

(I) include findings of fact and conclusions of law, and

(ii) be issued as expeditiously as practicable.

The decision of the special master may be reviewed by the United States Court of Federal Claims in accordance with subsection (e) of this section.

Vaccine Act § 12(d)(3). The special master's Order of Reinstatement contained no findings of fact and only sparse conclusions of law. But most importantly, it did not resolve "whether compensation is to be provided ... and the amount of such compensation." *Id.* The case has the same posture as if the original decision on the statute of limitations issue had been—following *Setnes,* perhaps— also adverse to the Government.

Procedurally, the parties were correct in presenting this matter to the Court at this point in the litigation. Indeed, under the new rule, the Government would have waived its objections had it declined to file a motion for review. Vaccine Rule 36(b) ("That ruling shall become the final ruling of the court on the motion, unless a party files a motion for review of that ruling, accompanied by a memorandum of objections to the ruling, within 30 days of the date of the ruling.") Be that as it may, we find that it would be premature to enter findings on the propriety of the special master's Order of Reinstatement. Our statutorily defined role is to review the special master's decisions on the merits after they are rendered, not to supervise the adjudication of the petitions as the case proceeds. This is not merely a matter of discretion, it is jurisdictional. The apparent addition of new procedures within the Vaccine Rules cannot change jurisdictional prerequisites. On this point, the Respondent's primary argument against the granting of Rule 60 authority to special masters comes back to haunt the Government: we cannot alter by rule what is expressly dictated by statute.

Vaccine Rule 36 does not compel resolution at this point in the proceedings. The Rule provides that the Court shall review the special master's Rule 60(b) decision on an abuse of discretion standard. And we will. However, under the Vaccine Act, that review is inappropriate at this point in time.

## CONCLUSION

As yet, we do not have before us the merits of the Petition or the special master's findings on that Petition. Consequently, ours would be a preliminary ruling at best. Today, we probably merely delay the inevitable if the observations expressed on the special master's actions are reaffirmed upon timely review.

Notwithstanding the implication within the revised Vaccine Rules that we may make this determination now, we conclude that such a review is premature under the circumstances. Although frustrating, and arguably inefficient, we must wait for the time when we are called upon to pass on the merits of this case. But that is the nature of our review, as dictated by a strict interpretation of the waiver of sovereign immunity under the Vaccine Act.

Respondent's Motion for Review is DENIED without prejudice. The case is remanded to the Office of the Special Master. By complying with the procedural prerequisites of Rule 36, the Respondent has preserved this issue for resolution when the special master renders her final decision on the merits.