William and Shannon VESSELS, Parents of Joshua Vessels, Petitioners,

v.

SECRETARY OF THE DEPARTMENT OF HEALTH & HUMAN SERVICES, Respondent.

No. 02–182V.

United States Court of Federal Claims.

June 1, 2005.[1]

As amended June 3, 2005.

D. Michael Noonan, Shaheen & Gordon, P.A., Dover, New Hampshire, for the petitioners.

Catharine E. Reeves, Senior Trial Counsel, Torts Branch, Civil Division, Department of

---

1. Because this opinion contains no information the disclosure of which would constitute a "clearly unwarranted invasion of privacy," Vaccine Rule 18(b)(2), the Court does not file this opinion under seal.

Justice, with whom were Peter D. Keisler, Assistant Attorney General, Timothy P. Garren, Director, Mark W. Rogers, Acting Deputy Director, and Gabrielle M. Fielding, Assistant Director, all of Washington, D.C., for the respondent.

## OPINION AND ORDER

WOLSKI, Judge.

Respondent, the Secretary of Health and Human Services, has appealed the decision of Special Master Millman to reinstate, under Vaccine Rule ("VR") 36, the petition of William and Shannon Vessels. This petition seeks compensation under the National Childhood Vaccine Compensation Program, 42 U.S.C. §§ 300aa–10—300aa–34 (2000) ("the Vaccine Act"). For the reasons that follow, the decision of the Special Master is VACATED, and the petitioners' motion for relief from judgment is DENIED.

## I. BACKGROUND

On March 11, 2002, the petitioners filed a petition in this Court seeking compensation under the Vaccine Act. They alleged that the administration of certain vaccines had injured their son Joshua Vessels; in particular, they argued that the vaccines had caused his autism. On September 25, 2002, the Special Master dismissed the petition, finding that the Act's statute of limitations barred recovery. The petitioners did not file a motion for review of the special master's decision.

The Act's statute of limitations reads in pertinent part: "In the case of ... a vaccine set forth in the Vaccine Injury Table ... no petition may be filed ... after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury." 42 U.S.C. § 300aa–16(a)(2). The special master found that the onset of the first symptom of Joshua Vessels's autism occurred more than thirty-six months before the petition was filed. Subsequent to the dismissal of the petition of Mr. and Mrs. Vessels, the Court in *Setnes v. Secretary*, 57 Fed.Cl. 175 (2003), held that where a petition

seeks compensation for injuries due to autism, the statute of limitations cannot begin to run prior to a medical diagnosis of the disease, if the symptoms relating to the disease's onset are indistinguishable from typical childhood behavior and sickness. *Id.* at 181. The petitioners therefore sought, under VR 36, relief from the judgment of this Court entered following the special master's dismissal. The special master granted VR 36 relief and reinstated the case. Subsequently, the Secretary moved in this Court for review of the special master's order, to which motion the petitioners responded. Following the close of briefing on the government's motion, the Court decided *Lemire v. Secretary*, 60 Fed.Cl. 75 (2004), a case similar to the one at bar. Accordingly, the Court requested that the parties submit briefing on *Lemire*'s application to this case, and the parties did so.

## II. DISCUSSION

The government's motion for review presents two important questions. The Court must determine whether it has jurisdiction to review a special master's decision to vacate a judgment under VR 36. But more fundamentally, the Court must determine whether the special masters may exercise the power to vacate judgments in vaccine cases without the involvement of this Court.

## A. The Vaccine Rules and Relief from Judgment

■ The special masters are authorized to recommend rules of procedure to govern petitions brought before them; and taking into account the recommendations, this Court promulgates the rules. These rules are to make proceedings less adversarial and more expeditious, informal and flexible; to allow for greater admissibility of evidence; to avoid routine use of oral argument and the like; and to provide for summary judgment. 42 U.S.C. § 300aa–12(d)(2)(A)—(E). The Act directs this Court to promulgate vaccine rules pursuant to 28 U.S.C. § 2071.[2] 42 U.S.C. § 300aa–12(d)(2).

---

**2.** The Court of Federal Claims also has rule-making authority pursuant to 28 U.S.C. § 2503(b).

Recently, the Court promulgated VR 36. *See Lemire*, 60 Fed.Cl. at 77. The rule provides in relevant part:

(a) **General.** Following the entry of judgment by the Court of Federal Claims, if a party files a motion pursuant to RCFC 59 or 60, the clerk of the court shall refer such motion as follows. If the petition has previously been before a judge of the court upon review pursuant to Vaccine Rule 23, then the motion shall be referred to that judge. If the petition has not previously been before a judge of the court upon review pursuant to Vaccine Rule 23, then the motion shall be referred to the Office of Special Masters.

(b) **Review of a Special Master's Ruling.** When a motion pursuant to RCFC 59 or 60 is referred to a special master pursuant to subdivision (a) of this rule, that master shall file a written ruling upon such motion. That ruling shall become the final ruling of the court on the motion, unless a party files a motion for review of that ruling, accompanied by a memorandum of objections to the ruling, within 30 days of the date of the ruling. If such a review motion is filed, the case will be submitted to a judge of the court, who will review the special master's ruling, setting such ruling aside only if it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The nonmoving party may file a memorandum response within 30 days of the filing of the review motion. Memorandums for each party shall be limited to 20 pages and must conform to the provisions of RCFC 5.2

Vaccine Rule 36 thus applies RCFC 60(b) to Vaccine Act cases. The latter provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under RCFC 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

If a special master's decision were brought to our Court for review and judgment were subsequently entered, regardless of the result of the review, either party could, under VR 36, seek relief from the judgment—in which case the procedure is identical to that which would be followed if VR 36 did not exist. In other words, where a party seeks relief from a judgment entered following the review of a special master's decision, the procedures required under VR 36 are indistinguishable from those required by RCFC 60(b). On the other hand, where a party seeks relief from a judgment entered from a special master's decision that was not reviewed in this Court, VR 36 diverges from RCFC 60(b). If RCFC 60(b) applied, a judge of this Court would be the one to determine whether to grant relief. But under VR 36 a special master—not a judge of this Court—would initially determine whether to grant relief. The party losing this motion could immediately file for a review of the decision by this Court, which would then review the special master's decision under an APA-like standard. *See* VR 36(b) (setting "such ruling aside only if it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"). Hence, the Court's promulgation of VR 36 may have changed the procedural rights of vaccine litigants. Is this within our Court's power?

That question cannot be answered without first reviewing the history of Rule 60(b) adjudication in vaccine cases. In *Patton v. Secretary*, 25 F.3d 1021 (Fed.Cir.1994), the Federal Circuit held that the Act's special masters do not have inherent Rule 60(b) authority. Noting that the Court of Federal Claims had not delegated any Rule 60(b) authority to the special masters, the Federal Circuit declared:

Thus, any authority held by the special masters to correct decisions must flow from the Vaccine Act or its implementing Vaccine Rules, and not from any "inherent" source of power. In the absence of any express provision allowing the special master to grant Rule 60–type relief, the special master's involvement in the case ends, as a matter of law, once the period for seeking review of her decision expires and the judgment is entered by the Court of Federal Claims.

*Id.* at 1027. Vaccine Rule 36 obviously did not exist when the Federal Circuit decided *Patton.* Although the Federal Circuit offered no opinion as to whether the special masters could exercise Rule 60(b) authority with this Court's authorization, it suggested this was the case, in noting that under the rules then in existence, our Court "apparently chose to reserve the power to grant Rule 60–type relief for itself, withholding such power from the special masters." *Id.* at 1026. The Circuit did confirm that this Court may entertain a Rule 60(b) motion in a vaccine case.[3]

More recently, an opinion of this Court has elaborated on the nature of our review jurisdiction under the Vaccine Act. In *Weiss v. Secretary,* 59 Fed.Cl. 624 (2004), the petitioner sought review of a special master's decision not to permit expert testimony. The Court dismissed the motion for want of jurisdiction, holding that our Vaccine Act review jurisdiction extended only to the special masters' decisions as defined in 42 U.S.C. § 300aa–12(d)(3). *Id.* at 626–27.[4] The *Weiss*

opinion relied upon the reasoning of *Spratling v. Secretary,* 37 Fed. Cl. 202 (1997), in which the Court dismissed an appeal of a special master's interim decision because the ultimate question of compensation—a condition precedent to the Court's review jurisdiction—had not been decided at the time of the appeal. *Id.* at 203; *see Weiss,* 59 Fed.Cl. at 626–27. Both *Weiss* and *Spratling* relied upon the Vaccine Rules which require that all pre-compensation proceedings be conducted before the special master. *See Spratling,* 37 Fed.Cl. at 203; *Weiss,* 59 Fed.Cl. at 627. Thus, the principle is well-established that a pre-compensation decision properly before the special master may not be appealed to this Court.

## B. The *Lemire* Decision

Most recently, the issue presented here— whether a special master's decision granting VR 36 relief may immediately be reviewed— was considered in *Lemire.* The facts of *Lemire* are similar to those confronted here. The *Lemire* special master had dismissed the petition as barred by the statute of limitations. The petitioners did not appeal to our Court. Less than a year later the petitioners moved for VR 36 relief, citing the Court's decision in *Setnes* to support their position that the statute of limitations did not bar their petition. The special master granted the VR 36 motion, and the government immediately filed a motion for review by this Court. In a careful and methodical opinion, the Court held that it did not have jurisdiction to review the order. It stated that, as a

**3.** The *Patton* Court also noted that its decision was consistent with *Widdoss v. Secretary,* 989 F.2d 1170 (Fed.Cir.1993). *See Patton,* 25 F.3d at 1028–29. In *Widdoss,* the Federal Circuit held that this Court may not use Rule 60(b) to excuse a petitioner from failure to file a petition for our Court's review of a special master's merits decision within the statutorily-imposed thirty day period. *Widdoss,* 989 F.2d at 1178. Although *Widdoss* based its decision on the notion that our Court somehow lacked jurisdiction if a petition for review were not timely filed, *Patton* clearly held that our Court's exercise of Rule 60(b) power is not conditioned on review having been initially sought in our Court. *See Patton,* 25 F.3d at 1030 ("That restrictive view of the availability of Rule 60(b) relief renders the rule a legal nullity and is inconsistent with its purposes."). Reading the two opinions together, they appear to

mean that our Court cannot review a merits decision, as it was decided, under Rule 60 if it were not properly appealed, but may nevertheless set the judgment aside if the requirements of Rule 60 are met. The Federal Circuit subsequently confirmed the vitality of the *Widdoss* rule in *Gilbert v. Secretary,* 51 F.3d 254, 257 (Fed.Cir. 1995). *Accord Bailiss v. Secretary,* 37 Fed.Cl. 64 (1996).

**4.** The Secretary notes in his *Response to Order* that he opposed the promulgation of VR 36 in October 2000 because, in his opinion, "inasmuch as the Vaccine Act does not give the special masters power to act once the Court of Federal Claims enters final judgment, such power cannot be created by court rule." Resp.'s Response to Order at 10.

matter of procedure, the respondent was correct in immediately filing for review of the VR 36 decision. *Lemire,* 60 Fed.Cl. at 80. But as a matter of jurisdiction, the Court held that it could not act, because the special master's granting of VR 36 relief was not a decision within the meaning of section 300aa–12(d)(3)—*i.e.,* it neither recommended nor denied compensation. *See id.* at 79–80.[5]

*Lemire, Weiss* and *Spratling* are all in accord with the principle that this Court's Vaccine Act jurisdiction extends only to the special masters' final decisions regarding compensation. The Vaccine Act does not itself authorize our Court's review of any other decisions made by the special masters. But, as the Federal Circuit recognized in *Patton,* our Court may itself exercise Rule 60 power over Vaccine Act cases that had not previously been the subject of our review. *See Patton,* 25 F.3d at 1030. Since this is a matter raised under Rule 60, and sent to the special master for decision under VR 36, the question necessarily arises whether our Court may delegate the Rule 60 power to the special masters; and, if so, may we provide for our review prior to the special master's issuance of a decision concerning compensation?

## C. The Validity of VR 36

For RCFC 60(b) purposes, final judgment on a Vaccine Act petition is no different from any other judgment that this Court is authorized to enter. Per the Federal Circuit's decision in *Patton,* this Court would have unquestioned authority under RCFC 60(b) (and now VR 36) to set aside the judgment in the petitioners' case and remand the matter for further proceedings.[6] The initial question is thus not really one of our jurisdiction, but of the jurisdiction of the special masters—once this Court has taken jurisdiction of a case, through review of a compensation decision or entry of judgment without review, may the

special masters get jurisdiction back? The answer to this question, under the express terms of the Vaccine Act itself, appears to be yes.

First, our Court's Rule 60 jurisdiction, acknowledged in *Patton,* 25 F.3d at 1030, must come from somewhere. Although *Widdoss v. Secretary,* 989 F.2d 1170 (Fed.Cir.1993), seems to imply that our Court never obtains jurisdiction of a Vaccine Act matter if a timely motion for review is not filed, *id.* at 1177–78, the Federal Circuit in *Patton* ordered such jurisdiction to be exercised in just this circumstance. *See* 25 F.3d at 1031. The jurisdiction must come from the fact that judgment is entered by the clerk of our Court, under 42 U.S.C. § 300aa–12(e)(3), and thus must be exercised under the Vaccine Act.

It bears noting that, under the Vaccine Act, one of the actions this Court may take is to "remand the petition to the special master for further action in accordance with the court's direction." 42 U.S.C. § 300aa–12(e)(2)(C). Presumably, under Rule 60(b), this Court could grant relief from judgment in this matter and remand the petition to the special master. If this may be done on a case-by-case basis, why couldn't the Court adopt a blanket rule remanding all petitions whenever a Rule 60 motion is filed in a case that had not previously been reviewed in the Court? And why couldn't the Court's direction be that the special master must rule upon the Rule 60(b) motion and that the losing party to the motion may seek review of this ruling by filing a motion for review within thirty days? This is the same result that obtains from VR 36, seemingly fitting comfortably within the Court's remand power under the Vaccine Act and serving the goal of providing for an "expeditious ... resolution of petitions," 42 U.S.C. § 300a–12(d)(2)(A).

---

5. The petitioners assert in their reply to the Secretary's *Response to Order* that the *"Lemire* Court's ruling is well supported by the law, i.e. under the Vaccine Act, this Court cannot review Special Master Millman's Rule 60(b) decision because that decision is not a final decision." Pet'rs' Reply Brief in Response to Resp.'s "Response to Order" at 1–2.

6. This is because the issue involved concerns the statute of limitations, and not a decision on the merits. If relief were sought for the latter, the Rule 60 motion would apparently be beyond our jurisdiction under the rule adopted in *Widdoss.*

Unlike the situations presented in *Weiss* and *Spratling*, the matter at hand here comes after a final compensation decision has been entered. It is before the Court under the Rule 60 jurisdiction that was confirmed by *Patton*, and was on remand to the special master with a certain direction (under VR 36) which has been satisfied. The Court holds that the Rule 60(b) power, which extends over all cases in which judgment has been entered by our clerk, may in Vaccine Act cases be shared with the special masters, under a procedure in which the Court retains the ability to review immediately the special masters' rulings, upon request of a party.

## D. The Petitioners' Motion for Relief from Judgment

The special master has ruled that the October 30, 2002 judgment of this Court dismissing the plaintiffs' petition should be set aside. She believed that equity required this result. Specifically, she posited that to deny the petitioners the benefit of our Court's holding in *Setnes* would be "manifestly unfair and inequitable." Order of Reinstatement at 2. And she suggested that this Court has authority under either RCFC 60(b)(5)—relief from an inequitable prospective judgment— or RCFC 60(b)(6)—relief for any justifiable reason—to grant the motion. *Id.* Therefore, it was concluded that petitioners should be relieved from the prospective application of the 2002 judgment (which otherwise forces them into state court or federal district court litigation to obtain compensation, 42 U.S.C. § 300aa–21(a)(2)). *Id.*

■ A motion for RCFC 60(b) relief is "extraordinary" and is granted according to the Court's discretion. *Sioux Tribe of Indians v. United States*, 14 Cl.Ct. 94, 101 (1987), *aff'd* 862 F.2d 275 (Fed.Cir.1988) (citing *United States v. Atkinson*, 748 F.2d 659, 660 (Fed.Cir.1984)). Generally, the movant must show exceptional circumstances for the Court to grant relief, *see Sioux Tribe*, 14 Cl.Ct. at 101 (citing *Washington Med. Ctr., Inc. v. United States*, 211 Ct.Cl. 379, 380 (1977)), although the Federal Circuit has noted that, as "a remedial provision, Rule 60(b) is to be liberally construed for the purpose of doing

substantial justice," *Patton*, 25 F.3d at 1030 (internal quotation omitted).

■ Recently, in *Curtis v. United States*, 61 Fed.Cl. 511 (2004), regarding Rule 60(b), it was commented:

Rule 60(b) enables a court to grant a party relief from a judgment in circumstances in which the need for truth outweighs the value of finality in litigation. The court has discretion regarding whether to grant relief under Rule 60(b), and the court may weigh equitable considerations in the exercise of its discretion. . . . Relief from judgment will not be granted if substantial rights of the party have not been harmed by the judgment.

*Id.* at 512 (internal quotations and citations omitted). The opinion in *Matos by Rivera v. Secretary*, 30 Fed.Cl. 223 (1993), dealt specifically with RCFC 60(b)(5), one of the grounds for the special master's ruling:

A motion for relief from judgment [pursuant to RCFC 60(b)] is one for extraordinary relief entrusted to the discretion of the court. As such, it may be invoked only upon a showing of exceptional circumstances. Pursuant to RCFC 60(b)(5), relief from judgment may be granted only if a prior judgment upon which it is based has been reversed or otherwise vacated. The application of Rule 60(b)(5) is limited to a judgment based on a prior judgment reversed or otherwise vacated. The term has been interpreted to apply to prior judgments which are related to the case at bar by res judicata, or collateral estoppel, or those which are somehow part of the same proceeding. The relation between the present judgment and the prior judgment must thus be closer than that of a later case relying on the precedent of an earlier case; the fact that the prior case provides a precedent for the later one is not sufficient.

*Id.* at 225 (internal quotations and citations omitted). From the foregoing authorities two points can be adduced. One, the granting of RCFC 60(b) relief should be the exception, not the rule. And two, a change in the law, by itself, does not constitute an extraordinary circumstance meriting RCFC 60(b)(6) relief.

The Federal Circuit, in *W.L. Gore & Associates. v. C.R. Bard, Inc.*, 977 F.2d 558 (Fed. Cir.1992), explained the purpose of the RCFC 60(b) equivalent, Federal Rule of Civil Procedure ("FRCP") 60(b),[7] and why relief from judgment should not be given simply because "there has been an intervening change of law":

> We discern no support in precedent for that abstract position, which would lead to a pernicious instability of final judgments. We agree with the district court that each case must be decided on the facts appertaining to the parties before the court. [¶] The district court concluded that even if this decree requires more of [the respondent] than is now required by law, any ensuing inequity does not in this case warrant judicial intervention, the court stressing the extraordinary nature of reopening a final judgment .... [and giving] weight to the public policy of an overriding interest in the finality and repose of judgments on consent. [¶] We conclude that the district court's ruling, on the facts of this case, did not abuse the court's discretionary authority.

*Id.* at 563 (internal quotations and citation omitted); *see generally Bowman v. United States*, 35 Fed.Cl. 397, 403 (1996); *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1383 (Fed.Cir.2002) ("evidence arising nearly two years after trial [that] may have cast some doubt on the accuracy of the trial evidence does not create the extraordinary circumstances necessary to invoke Rule 60(b)(6)"); *Broyhill Furniture Indus. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1084 (Fed. Cir.1993) (discussing limited grounds for RCFC 60(b)(4) relief for void judgments); *cf. Brickwood Contractors, Inc. v. United States*, 49 Fed.Cl. 738, 742 (2001), *rev'd on other grounds* 288 F.3d 1371 (Fed.Cir.2002) (citing authority for proposition that even a mistake of law may not be sufficient basis for RCFC 60(b) relief).[8]

The petitioners argue that *W.L. Gore* does not apply here because that case concerned consent decrees. But that fact makes the case all the more powerful. Unlike a consent decree, which continues to place restrictions on the signatories, the initial decision by the special master has no continuing effect on petitioners.[9] Their claim for compensation from the vaccine fund was denied, but that places them in no different position than any losing petitioner. The principle that *W.L. Gore* enunciates—relief from judgment is not merited simply by a change in the law—applies with greater logic when a party seeks a second bite at the same apple.

■ It is well established that RCFC 60(b) may not be used to circumvent the appellate process that Congress has established in the Vaccine Act. *Gilbert v. Secretary*, 51 F.3d 254, 257 (Fed.Cir.1995); *Widdoss*, 989 F.2d at 1178. The petitioners, had they sought review of the special master's dismissal in 2002, would have had their petition placed before a judge of this Court, who might have ruled for them in the way the Court ruled in *Setnes*. On the other hand, the judge might just as well have affirmed the special master's decision. If that reviewed decision had become final, and the petitioners subsequently sought RCFC 60(b) relief, they would have been asking the same judge of this Court to set aside his or her judgment on the basis of what a fellow judge of this Court had since done. But the decisions of one judge of this Court have no binding effect on the other judges. *See, e.g., First Fed. Sav. Bank of Hegewisch v. United States*, 52 Fed.Cl. 774, 793 (2002); *Tech. for Communications Int'l v. United States*, 22 Cl.Ct. 711, 713 (1991). And this Court has been unable to find any authority supporting the proposition that relief from judgment

---

**7.** Because FRCP 60(b) is nearly identical to RCFC 60(b), case law interpreting the former influences this Court's interpretation of the latter. *See Info. Sys. & Networks Corp. v. United States*, 994 F.2d 792. 794 n. 3, 794–95 (Fed.Cir. 1993).

**8.** For the opinions of the commentators, *see, e.g.*, James Wm. Moore & Elizabeth B.A. Rogers, *Federal Relief from Civil Judgments*, 55 YALE L.J. 623

(1946); Note, *Federal Rule 60(b): Relief from Civil Judgments*, 61 YALE L.J. 76 (1952); Note, *Relief from Final Judgment Under Rule 60(b)(1) Due to Judicial Errors of Law*, 83 MICH. L. REV. 1571 (1985).

**9.** For this same reason, the Court finds *System Federation No. 91 v. Wright*, 364 U.S. 642, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961), cited by petitioners, to be inapt.

may be granted merely because favorable persuasive precedent has since been established.

■ Drawing a parallel between their situation and those of petitioners in authorities cited in *W.L. Gore*, the Vessels's argue that because the *Setnes* rule makes their case "a viable one," and because the purpose of the Act is to compensate persons injured by vaccines, relief from judgment is warranted. But the Vaccine Act is not designed to compensate all victims. If that were the case, the Act would have no statute of limitations. But a statute of limitations exists to segregate otherwise valid claims from compensable and timely claims. The petitioners brought their claim; the special master determined that the claim was time-barred; petitioners, apparently content with that decision, did not timely seek this Court's review. Based on *Setnes*, the petitioners believe that they are entitled to compensation. No doubt they are sincere in that belief. But so is every other disappointed petitioner who does not receive compensation, for whatever legal reason. What of the potential petitioners who never filed a petition, believing the statute of limitations had run, and whose time to file under the *Setnes* rule ran out just before that decision was handed down? They, too, are in the same position as petitioners here. The Vaccine Act's purpose offers no support.

Although the Court can understand the equitable impulses that motivated the special master, this case does not present the sort of exceptional circumstances warranting relief from a judgment. All that has happened is that an opinion of the Court adopted a different rule than was applied to petitioners' matter. This is hardly out of the ordinary or unexpected, as this possibility always exists. There is not even a question of a mistake or omission on the part of the special master, or excusable confusion over the proper procedures to follow. *See Patton*, 25 F.3d at 1030–31. If, instead, the petitioners had subsequent to the dismissal of their petition learned that medical records were mis-dated, or that there was some other problem with evidence that would have been material to the special master's decision, a strong case could be made for relief under Rule 60. But the success of another petitioner, in a review process that petitioners eschewed, does not warrant relief from the judgment entered in this matter.

### III. CONCLUSION

The Court holds that it has jurisdiction to entertain Rule 60 motions, and can properly share this jurisdiction with special masters under a Vaccine Rule 36 remand. The Court further holds that it may retain the jurisdiction to review the special master's Vaccine Rule 36 ruling, if requested by a party. But the Court concludes that a subsequently-issued persuasive precedent concerning the manner of applying the statute of limitations is not a proper ground for relief from a final judgment under the Vaccine Act. Therefore, the respondent's motion for review is **GRANTED** and the petitioners' motion for relief from judgment is **DENIED**. This case shall remain **CLOSED**.

**IT IS SO ORDERED.**