Melissa G. SPRATLING, Petitioner,

v.

**SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 90–1781V.

United States Court of Federal Claims.

Jan. 15, 1997.

### ORDER

ROBINSON, Judge.

On December 12, 1996, petitioner filed a motion entitled, "Motion for Review of Decision and Order of Special Master." Respondent filed a response on January 10, 1997. Based upon the court's research and the parties' filings, this case presents a matter of first impression. This court has not previously addressed whether it may review interim decisions of the special masters in vaccine proceedings. For the reasons that follow, the court determines that it lacks jurisdiction to consider petitioner's motion.

On September 26, 1990, petitioner filed for compensation under the National Childhood Vaccine Injury Act of 1986 ("the Act"), 42 U.S.C. § 300aa–1 *et seq.* (1994). Petitioner alleged that she received a polio vaccine in August or September 1958 and suffered paralysis as a result. On May 14, 1995, a hearing was held for the limited purpose of considering whether there was sufficient evidence to establish that petitioner received an oral polio vaccine ("OPV") or an inactivated polio vaccine ("IPV") in August or September 1958. On November 15, 1996, the Chief Special Master issued a Decision and Order ("Order"), finding that there was no credible evidence that petitioner received an OPV due to the unavailability of that type of vaccine at that time. Order at 5–6. The Chief Special Master further found that the lay evidence was not sufficiently credible to overcome the medical record evidence indicating that no vaccine had been received at the time alleged. Order at 6. The Chief Special Master gave petitioner the opportunity to submit additional evidence from expert witnesses. According to the Chief Special Master's Order, petitioner has until January 15, 1997 to submit additional evidence. Order at 6. The Order did not direct the Clerk to enter judgment on the petition in the absence of a Motion for Review pursuant to 42 U.S.C. § 300aa–12(e). On December 12, 1996, petitioner filed a motion seeking review of the Chief Special Master's decision.

■ This court lacks jurisdiction to consider petitioner's motion. 42 U.S.C. § 300aa–12(e)(1) explains the court's jurisdiction to review a special master's decision. Section 12(e)(1) states, "Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision." 42 U.S.C. § 300aa–12(e)(1). The Act does not explicitly state whether the court may review interim decisions of the special master. The Act, however, implies that a final decision is required before this court can review the special master's order. Section 12(e)(3) provides that in the absence of a motion for review or if the court sustains the special master's decision, "the clerk of the United States Court of Federal Claims shall immedi-

ately enter judgment in accordance with the special master's decision." 42 U.S.C. § 300aa–12(e)(3). In this case, if there was no motion for review, the clerk could not enter judgment because the Chief Special Master's Order holds the record open for additional evidence and refers to possible further proceedings. In short, the Chief Special Master has not rendered a final decision in this case. The court holds that it may review only final decisions of the special masters.

■ The Rules of the United States Court of Federal Claims, Appendix J, ("Vaccine Rules") further support the proposition that the court's jurisdiction is limited to reviewing final decisions of the special masters. Vaccine Rule 3 discusses the role of the special master. Vaccine Rule 3(a) states, "All proceedings prior to the issuance of the special master's decision are to be conducted exclusively by the special master." Vaccine Rule 10(a) explains, "The special master shall issue a final decision determining whether or not an award of compensation shall be made, and, if so, the amount thereof." *See* 42 U.S.C. § 300aa–12(d)(3)(A). The special master conducts all proceedings prior to issuance of his or her final decision. The special master's decision is to "be issued as expeditiously as practicable...." 42 U.S.C. § 300aa–12(d)(3)(A)(ii). This court would unduly interfere with the special master's duties if it reviewed interim decisions. Reviewing interim decisions would make vaccine proceedings subject to time-consuming interruptions and piecemeal appellate review. Such a result is contrary to law and to judicial economy. Accordingly, this court may review only final decisions of the special masters.

■ Moreover, the Act does not provide for interlocutory appeals in vaccine proceedings. This court's jurisdiction is limited to its legislative mandate. *See Livingston v. Derwinski,* 959 F.2d 224, 225 (Fed.Cir.1992) (holding that federal court jurisdiction is limited to statutory grant). As discussed above, 42 U.S.C. § 300aa–12(e) provides jurisdiction for reviewing final decisions of the special masters. This court does not have jurisdic-

204

tion because the Chief Special Master has not issued a final decision.

## CONCLUSION

Because the Chief Special Master has not rendered a final decision in this proceeding, the court does not have jurisdiction to review petitioner's motion. Petitioner's motion is DISMISSED without prejudice. No costs.