**Jeannine WEISS and Joseph Weiss, Parents of Christopher Weiss, a minor, Petitioners,**

v.

**SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 03–190V.

United States Court of Federal Claims.

Jan. 23, 2004.

Stephanie J. Hartley, Spohrer, Wilner, Maxwell & Matthews, P.A., Jacksonville, Florida, for Petitioners.

Linda Renzi, U.S. Department of Justice, Torts Branch, Civil Division, Washington, D.C., for Respondent.

### ORDER DISMISSING PETITIONERS' MOTION FOR REVIEW

WILLIAMS, Judge.

This matter comes before the Court on Petitioners' Motion for Review of the special master's October 9, 2003 Order rejecting an expert opinion and dismissing one of Petitioners' three claims. *Weiss v. Secretary of Health and Human Services*, No. 03–190V, 2003 WL 22853059, at *4 (Fed.Cl. Oct. 9, 2003) (order of special master). Because the special master's October 9, 2003 Order is not a final decision within the meaning of the National Childhood Vaccine Injury Compensation Act (the Vaccine Act), this Court lacks jurisdiction to review the order at this juncture of the proceeding. As such, the Court dismisses the petition for review without prejudice.

### BACKGROUND

In the challenged order, denominated a "preliminary ruling," the special master rejected the opinion of Petitioners' expert, Dr. Geier, that Petitioners' son, Christopher, had an acute encephalopathy beginning on the fourteenth day after his receipt of the measles, mumps, and rubella (MMR) vaccination. The special master reasoned that this expert, a geneticist and obstetrician, was not qualified to give a neurological diagnosis.[1]

Further, because Christopher's contemporaneous medical records indicated that he was alert and in no acute distress at the pertinent time, the special master concluded that Christopher did not have a Table encephalopathy or encephalitis and ordered that portions of Dr. Geier's affidavits discussing these illnesses be stricken from the record as irrelevant. The special master dismissed Petitioners' claim of a Table encephalopathy "for failure to prove a prima facie case of an acute encephalopathy within 5–15 days of Christopher's MMR vaccination." However, the special master instructed the petitioners that they could proceed on their alternate allegations, "a Table measles infection and causation in fact autism from either MMR or thimerosal-containing vaccines."

---

1. The special master concluded:

Dr. Geier's expertise, training, and experience is in genetics and obstetrics. He is however a professional witness in areas for which he has no training, expertise, and experience. Petitioners must seriously consider whether they want to proceed with a witness whose opinion on neurological diagnosis is unacceptable to the undersigned. When we reach the end of this case and the question of expert fees arises, there will be serious doubt whether Dr. Geier should be compensated for his time devoted to diagnosing an acute encephalopathy where none exists, and discussing (in his first supplemental affidavit) the MMR reactions of acute encephalopathy and encephalitis when neither is relevant in this case because Christopher, who was alert and in no acute distress on the 15th day after his MMR vaccination (when Dr. Geier opines his acute encephalopathy began on the 14th day, less than 24 hours earlier), could not possibly have had a Table acute encephalopathy or encephalitis. Moreover, three days later, he was also alert and in no acute distress. He was, however, miserable on January 25th with left otitis media, a fever, and new teeth, and on January 28th with a blister on his tongue and very red gums (with three new teeth).
*Weiss* at *3.

This October 9 Order did not contain findings of fact or conclusions of law and did not purport to address a motion to dismiss or a motion for summary judgment. Petitioners have sought review of this order on the ground that the special master improperly substituted her own opinion for that of Dr. Geier when there was no contradictory evidence and his opinions had been well received in other vaccine cases in this tribunal. Petitioners ask the Court to reinstate their claim for Table encephalopathy and the portions of Dr. Geier's affidavits which were stricken from the record.

## DISCUSSION

### *The October 9 Order Was Not a Final Decision*

The Vaccine Act authorizes the Court of Federal Claims to review "decisions" of special masters. 42 U.S.C. § 300aa–12(e)(1). "Decisions" are described as follows in section 12(d)(3) of the Vaccine Act:

A special master to whom a petition has been assigned shall issue a decision on such petition with respect to whether compensation is to be provided under the Program and the amount of such compensation. The decision of the special master shall—

(I) include findings of fact and conclusions of law, and

(ii) be issued as expeditiously as practicable . . .

The decision of the special master may be reviewed by the United States Court of Federal Claims in accordance with subsection (e) of this section.

Thus, the statute contemplates that a "decision" by a special master will resolve ultimate issues in the case, including whether compensation is appropriate and if it is, its quantum. *See Widdoss v. Secretary of Health and Human Services*, 989 F.2d 1170, 1175 (Fed.Cir.1993) ("Furthermore, both section 300aa–12(d)(3)(A) and 300aa–12(e)(1) evi-

dence that the proceedings on a petition conclude with a special master's final act of 'issu[ing] a decision on the petition,' at which time the clock measuring the time for filing a motion to review the special master's decision begins to run."). Unlike 28 U.S.C. § 1292(c)(1), the Vaccine Act does not expressly permit an appeal of any specified orders a special master might issue prior to adjudicating a vaccine case fully.

Further, section 12(e)(3) of the Vaccine Act states that, in the absence of a motion for review, "the clerk of the United States Court of Federal Claims shall immediately enter judgment in accordance with the special master's decision." 42 U.S.C. § 300aa–12(e)(3). However, there could be no entry of judgment in the instant case because there are alternate claims of a Table measles infection and autism pending, and the special master has not yet determined whether petitioners are entitled to compensation or, if so, in what amount. Indeed, the special master expressly recognized that this case is not yet resolved, stating that "[w]hen we reach the end of this case," there "will be serious doubt" whether Dr. Geier should be compensated for certain fees.[2]

In *Spratling v. Secretary of Health and Human Services*, 37 Fed.Cl. 202, 203 (1997), this Court held that the Court of Federal Claims may review only final decisions of special masters and dismissed for lack of jurisdiction a petition to review an interim decision where the record before the special master remained open and the ultimate issue of compensation had not been resolved. In *Spratling*, petitioner sought review of a special master's order finding that there was no credible evidence that petitioner had received an oral polio vaccine and authorizing petitioner to submit additional evidence from expert witnesses. The *Spratling* court characterized that order as an interim decision reasoning:

In this case, if there was no motion for review, the clerk could not enter judgment

---

**2.** Respondent recognizes that petitioners' claim at issue here can be heard once petitioners' case is resolved in its entirety. Respondent states:

In the event the special master ultimately dismisses petitioners' claim, they may seek review

of all the special master's actions, including those which are the subject of their current motion.

Respondent's Response to Petitioner's [sic] Motion for Review at 6, note 3.

because the Chief Special Master's Order holds the record open for additional evidence and refers to possible further proceedings. In short, the Chief Special Master has not rendered a final decision in this case.

*Id.* at 203.

As the *Spratling* court recognized, the Vaccine Rules of this Court further support the proposition that the Court's jurisdiction is limited to reviewing final decisions of special masters in that these rules provide that it is "exclusively" the province of the special masters to conduct "all" proceedings prior to the issuance of a final decision in a vaccine case and require the special masters to determine whether compensation should be awarded and, if so, in what amount. *Spratling*, 37 Fed.Cl. at 203 (*citing* Vaccine Rules 3(a) and 10(a), Rules of the Court of Federal Claims (RCFC), Appendix B). In addition, the Rules of the Court of Federal Claims only apply to vaccine cases to the extent that they are referenced in the Vaccine Rules, and the Court's rule addressing judgment upon multiple claims, Rule 54(b), is not referenced in the Vaccine Rules. Vaccine Rule 1, RCFC, Appendix B. Thus, although Rule 54(b) permits the Court "to direct the entry of a final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay," this rule is not applicable to vaccine cases, and the special master did not attempt to invoke it here.[3] As such, there is no basis in the Vaccine Act, the Rules of the Court of Federal Claims or the Vaccine Rules to warrant the Court's review of this interim ruling.

The *Spratling* court articulated sound policy reasons for dismissing petitions to review interim orders in vaccine cases:

> This court would unduly interfere with the special master's duties if it reviewed interim decisions. Reviewing interim decisions

would make vaccine proceedings subject to time-consuming interruptions and piecemeal appellate review. Such a result is contrary to law and judicial economy.

*Id.; see also Catlin v. United States,* 324 U.S. 229, 233–34, 65 S.Ct. 631, 89 L.Ed. 911 (1945), ("appellate review may be had only upon an order or judgment disposing of the whole case, and adjudicating all rights .... 'The case is not to be sent up in fragments ....' Reasons other than conservation of judicial energy sustain the limitation. One is elimination of delays caused by interlocutory appeals.") (citations omitted).[4]

Because the special master's October 9, 2003 Order is not a final decision, the Court does not have jurisdiction to review petitioners' motion.

### CONCLUSION

Petitioners' motion for review is **DISMISSED** without prejudice.

---

3. The Court cannot ascertain from the record whether Petitioners' alternate theories of recovery which remain pending are truly separate claims for relief within the meaning of Rule 54(b).

4. The Court has recognized that, in limited circumstances not present here, collateral orders may be appealed. Such orders are considered

immediately appealable if: they conclusively determine a disputed question that is completely separate from the merits; are effectively unreviewable on final judgment; and are too important to be denied review. *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).