Susan IANNUZZI, Parent of Peter Iannuzzi, a Minor, Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent.

No. 02–780V.

United States Court of Federal Claims.

Aug. 2, 2007.

Ronald C. Homer, Boston, Massachusetts, attorney of record for Petitioner.

Traci R. Patton, Department of Justice, Washington, D.C., with whom was Assistant Attorney General Peter D. Keisler, for Respondent. Timothy P. Garren, Director; Mark W. Rogers, Deputy Director; and Catharine E. Reeves, Assistant Director.

## ORDER

FUTEY, Judge.

This vaccine case is before the court on respondent's motion for review of Special Master George L. Hastings' March 30, 2007 decision, which awarded petitioner attorneys' fees and costs in the amount of $317,347.18.

Peter Iannuzzi, on whose behalf petitioner, Susan Iannuzzi, as parent and natural guardian, brought this action, seeks compensation for attorneys' fees and costs pursuant to the National Childhood Vaccine Injury Act of 1986 (Vaccine Act), 42 U.S.C. § 300aa–15(e), and Rule 13 of the United States Court of Federal Claims Vaccine Rules. The special master granted petitioner's application in part and denied it in part.

On March 20, 2007, the special master issued a ruling directing the parties to reach an agreement concerning the calculation of the *exact amount* of the attorneys' fees award pursuant to the special master's di-

rections. *Iannuzzi v. Sec'y of HHS (Attorneys' Fees Decision)*, No. 02–780V, 2007 WL 1032379, at *13 (Fed.Cl.Spec.Mstr. Mar. 20, 2007). Based on the special master's instructions in that ruling, the parties agreed[1] the calculations of attorneys' fees and costs amounted to $317,347.18, of which $7,024.71 was for fees and costs for work done specific to this petition, $288,473.80 was for fees and costs pursuant to work done on the general issue of autism causation, and $21,848.67 was for fees and costs for litigation work concerning the fee application. *Iannuzzi v. Sec'y of HHS*, No. 02–780V, slip op. at 2 (Fed.Cl. Spec.Mstr. Mar. 30, 2007). On March 30, 2007, the special master awarded a lump sum of $317,347.18 to petitioner stating that he believed the petition was brought in good faith and that a reasonable basis for bringing the claim existed. *Id.* at 2.

### Factual Background

Peter was born on March 29, 1998. He received a normal regimen of childhood vaccinations. Approximately one year after Peter's final vaccination, when he was approximately aged eighteen months, petitioner expressed a concern that Peter could be autistic. A pediatrician performed a full developmental work-up and diagnosed Peter with autism on September 18, 2000.[2]

Petitioner decided to bring suit under the Vaccine Act and hired Conway, Homer & Chin–Caplan (CHC) to represent her son in his suit on October 7, 2001.[3] When petitioner retained CHC, the firm was already representing thirteen other autistic children who allegedly had been injured by vaccines.[4] The Chief Special Master recommended an Omnibus Autism Proceeding (OAP) to first handle

the general issue of causation before the court would hear the petitioners' individual trials. CHC kept separate its attorneys' time records for their work related to the "general autism" issue from their records of time spent on claims for individual clients. By the time petitioner retained CHC as counsel, CHC had already incurred fees and costs for "general autism" proceedings in the amount of $51,835.49.[5]

On July 12, 2002 petitioner filed a claim in this court for compensation under the Vaccine Act, 42 U.S.C. §§ 300aa–1 to –34 (2000). On November 14, 2005, petitioner filed a Notice To Separate From The Autism Proceedings and a Motion For A Ruling On The Record. On December 15, 2005, respondent filed a Supplemental Rule 4 Report, arguing that no medical connection existed between Peter's autism and his childhood vaccinations on the grounds that nothing in the medical records, nor any expert testimony established a causal connection between Peter's childhood vaccinations and the development of his autism. Subsequently, on December 21, 2005, Special Master Hastings dismissed the claim. *Iannuzzi v. Sec'y of HHS*, No. 02–780V, slip op. (Fed.Cl.Spec.Mstr. Dec. 21, 2005). On July 26, 2006, nearly a year before the OAP trial on the general issue of autism causation began,[6] petitioner filed an application for attorneys' fees and costs requesting $6,589.50 in fees and $435.21 in costs for work specific to this petition, and $384,813.43 in fees and costs for work related to the general issue of autism causation.

### Discussion

When deciding a motion for review, the court proceeds in accordance with the rules

1. The Vaccine Act does not permit an appeal or review of orders issued by the special master prior to a rendering of a final decision that completely disposes of a petition. *Weiss v. Sec'y of HHS*, 59 Fed.Cl. 624 (2004). Thus, in this case, respondent "agreed" to the calculation of an amount of attorneys' fees and costs based on instructions given to it by Special Master Hastings in his March 20, 2007 ruling in order to obtain a decision which it could then appeal. Therefore, although respondent "agreed" to an amount that included attorneys' fees and costs incurred for work on the general autism causation issue, this motion is protesting the special master's underlying ruling that petitioner was entitled to such an award.

2. *Respondent's Motion For Review (Resp't Mot.) at 2.*

3. *Petitioner's Response to the Respondent's Motion For Review (Pet'r Resp.) at 4.*

4. *Pet'r Resp. at 2.*

5. *Pet'r Resp. at 4.*

6. The general OAP trial took place from June 18, 2007, to June 29, 2007. At the time of this opinion, no decision had yet been reached on the OAP.

set forth in the Vaccine Act. The Vaccine Act provides, in pertinent part:

(1) In awarding compensation on a petition filed under section 300aa11 of this title the special master or court shall also award as part of such compensation an amount to cover—

    (A) reasonable attorneys' fees, and

    (B) other costs,

incurred in any proceeding on such petition. If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

42 U.S.C. § 300aa–15(e)(1).

Respondent claims the special master exceeded his authority in awarding compensation for attorneys' fees and costs for the OAP. Respondent maintains that the special master overstepped his jurisdiction by granting the award for attorneys' fees at an interim stage of the causation litigation. Respondent further argues, that even if the special master had jurisdiction to award general fees, he awarded an unreasonable amount for a single vaccine-injury claim with no hearing. The facts of this case are not in question and, therefore, this court need only review the special master's conclusions of law, which it will do *de novo*. *See* 42 U.S.C. § 300aa12(e)(2)(B).

*Special Master's Authority*

    █ The special master awarded petitioner $317,347.18 for attorneys' fees and costs. Respondent alleges, however, that the record reflected that petitioner's counsel expended only $7,024.71 in pursuit of Peter's petition. Respondent argues that the special master did not have the authority to award fees and costs for work performed on the general issue of autism causation because the work is not related to any proceeding on petitioner's

claim. Respondent uses as support language in the Vaccine Act that a special master may only award fees and costs for work on the claim if the "petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa–15(e)(1).

Respondent also maintains that the attorneys' fees award was unreasonable because some of the fees were incurred before petitioner's claim was filed, and in certain instances, before petitioner ever contacted CHC. Specifically, the special master awarded petitioner $71,566.63 for work performed before the petition was filed, $48,706.87 of which was for fees and costs billed before petitioner first contacted CHC. Respondent claims that a reasonable attorney would not bill his client for fees and expenses incurred prior to being retained, thus, these cannot be reasonable attorneys' fees and costs.

Petitioner contends that because she had a basis to file her case, her fees are reasonable. First, petitioner claims her petition was brought in good faith because Peter's medical records demonstrate that Peter developed symptoms of autism after receiving Thimerosal-containing vaccines. Additionally, petitioner argues that no alternative cause was identified by Peter's physicians. Furthermore, petitioner avers the complexity of the case and the unprecedented number of claims by autistic children requires high costs. Moreover, petitioner maintains the costs were incurred in this manner because the government directed all autistic children who claimed that Thimerosal caused their autism to file their claims in the Vaccine Program.[7]

Under the statute, the special master has jurisdiction to award attorneys' fees and costs for a petition brought in good faith that had a reasonable basis when the work is related to a proceeding on the petition. 42 U.S.C. § 300aa–15(e)(1). Most of the attorneys' fees awarded in this case, however, are for work performed on the general issue of causation and are not related specifically to petitioner's case. Petitioner's medical records did not demonstrate any connection between Peter's autism and his vaccinations

---

7. The court recognizes that respondent directed all autistic children to file their claims in the

Vaccine Program, but that fact is ultimately irrelevant to this case.

that would justify awarding monies for the general causation issue. Furthermore, the court is unable to find how $48,706.87 in fees and costs incurred before petitioner even retained counsel is reasonable. The court agrees with respondent that only the $7,024.71 expended on petitioner's case is an appropriate award.

*Interim Fees*

■ Respondent claims that the special master's decision to award petitioner fees and costs that related to the general issue of autism causation is an award of interim fees [8] and costs. An interim award is not authorized by statute. Respondent further argues that awarding fees and costs for work petitioner's counsel did on the general causation issue would compensate petitioner's counsel for an on-going matter, thus constituting an unallowable interim fee award. Respondent avers that even if interim fees are allowable in certain circumstances, they are unjustified in this case. The record does not include medical support for causation, thus, respondent claims the only reasonable attorneys' fees and costs are those CHC billed for collecting the medical records and for representing petitioner during proceedings specifically on this case.

Respondent also argues that although general funds have been established in prior vaccine cases, it is inappropriate to establish a fund for general autism research at this point. Respondent maintains that in the majority of these prior fund cases, fees and costs were awarded after omnibus proceedings were completed. Additionally, in each of the former cases, the party litigant had a viable stake in the general proceedings, which respondent argues is not the case here.

Petitioner contends that it is requesting reasonable fees in accordance with 42 U.S.C. § 300aa–15(e)(1). Petitioner argues that the general causation issue is complicated, and that, therefore, "the methodology employed in creating a 'general autism' account, one that would attach to the first appropriate individual case to be resolved in the Vaccine Program, was likewise reasonable." [9] Petitioner reasons that a general fund in mass vaccine cases is not unprecedented, for example, respondent "agreed in principle" to pay the petitioner in one case for "fees generated from research for all petitioner's counsel's hepatitis B cases." [10] Petitioner further avers that the charges should be awarded in the first decided case. *See e.g. Ross v. Sec'y of HHS*, No. 05–417V, 657V, slip op. at 2–3 (Fed.Cl.Spec.Mstr. July 5, 2006).

The court agrees with respondent that awarding fees relating to general autism causation in this case would be interim fees. If the record indicated that the court considered a link between Peter's autism and Thimerosal, then an award of fees relating to general autism causation may have been justified. The record of causation was never developed in this case, thus, this court is unable to award attorneys' fees and costs for work petitioner's counsel completed for the general causation issue. Furthermore, petitioner is attempting to claim compensation for work on causation fees and costs associated with the OAP, a case that was yet to be tried at the time petitioner filed the fee application. Awarding fees at this point would, therefore, be the essence of interim fees, which the Vaccine Act does not permit. Awarding fees in this case would also be a disproportionate award considering the majority of the general causation work was developed for CHC's other cases. For the above-stated reasons, the court agrees with respondent that only the $7,024.71 expended on petitioner's case is an appropriate award.

*Incurred in Proceeding*

■ Respondent claims that a number of fees and costs were awarded by the special master that were not incurred in proceedings on petitioner's claim. Respondent also asserts that a number of its objections were summarily dismissed without adequate con-

8.  Interim fees are a preliminary award of fees and costs at an earlier stage of the case, so that a party will not have to wait until proceedings "on the merits" are concluded. *Attorneys' Fees Decision*, 2007 WL 1032379, at *10.

9.  *Pet'r Resp. at 13.*

10.  *Pet'r Resp. at 14* (citing *Lopez v. Sec'y of HHS*, No. 99–657V, slip op. at 1 (Fed. Cl. Spec. Mstr. June 6, 2001)).

sideration by the special master. Respondent particularly objects to the award of $27,492.37 for fees and costs associated with the preparation for and attendance at IOM conferences, advocacy group conferences, and a Mealey's Conference as unjustified. Respondent argues that costs for attending such conferences are not attributable to a particular case, but rather, is a firm cost for maintaining competent members of the bar. *See e.g., Martin v. Sec'y of HHS*, No. 90–114V, 1991 WL 38075, at *2 n. 4 (Cl.Ct. Spec.Mstr. Mar. 6, 1991).

Petitioner claims its application complies with 42 U.S.C. § 300aa–15(e)(1). Petitioner maintains that (1) all of the work for which payment was awarded relates to services relevant to petitioner's case; (2) none of the requested time is duplicated; and (3) all the fees and costs incurred were reasonable. Petitioner contends that a majority of its research was spent investigating scientific literature. Because of the complexity of the causation issue, petitioner further argues that this work product was necessary to digest the general science.

Petitioner fails to address how work performed on the causation issue is relevant to the current proceeding. Even though the special master observed that the "complexity would be exactly the same if CHC had only one autism client, the Iannuzzi family," *Attorneys' Fees Decision*, 2007 WL 1032379, at *7, the petitioner concedes that its "fees might be unreasonable if Peter was the Program's only autism case." [11] The court agrees that the general causation issue is incredibly complicated and that the petitioner is entitled to the best possible counsel, however, certain activities such as attending conferences are not costs incurred on the proceeding. Furthermore, petitioner failed to admit evidence related to the general causation issue in this case, and, thus, fees and costs for that work are not reimbursable.

Petitioner is only entitled to an award for attorneys' fees and costs for work performed on the petitioner's claim.

### Conclusion

For the above-stated reasons, the special master's decision is hereby REVERSED in part and respondent's motion for review is ALLOWED. As detailed above, the court hereby awards petitioner attorneys' fees in the amount of $6,589.50 and costs in the amount of $435.21 for a total of $7,024.71 and DENIES petitioner's request for $310,322.47 awarded previously by the special master for fees and costs associated with the general issue of causation. The Clerk is directed to enter judgment in favor of petitioner in the amount of $7,024.71 in fees and expenses. No costs.

IT IS SO ORDERED.

---

11. Petitioner's counsel appears to contradict itself in the brief. At one point, petitioner's counsel admits "the fees might be unreasonable if Peter was the Program's *only* autism case;" *Pet'r Resp. at 13;* however, later, petitioner cites to the special master who said "the complexity would be exactly the same if CHC had only one autism client, the Iannuzzi family." *Pet'r Resp. at 18.* Specifically, petitioner maintains that "CHC would 'reasonably have expensed all of its considerable efforts concerning this complicated "general causation issue" even if this *Iannuzzi* case constituted the firms' only case.'" *Id.* Despite petitioner's counsel's self-contradiction, the court agrees with petitioner's initial statement because causation was never considered in Peter's case.